<div style="margin-left:auto">Pollard<br>*v.*<br>Graves.</div>

of trover on his special property in the goods, would be the appropriate remedy. But the actual lien on the goods had been discharged by a redelivery of them to the debtor, and the witness had become personally responsible by his obligation to the deputy sheriff ; and this personal responsibility on his contract, we think, the release of the sheriff did not reach.

This case is distinguishable from the late case of *Baker* v. *Fuller*, 21 Pick. 318. In that case, the property had been delivered by the deputy sheriff to the defendant for safe keeping only ; the attachment had not been discharged ; and it was held, that trover would lie by the sheriff, for the benefit of the attaching creditor, in virtue of the special property vested in him by the attachment.

The Court are of opinion that the interest of the witness was not removed by the release of the sheriff, and that the witness was rightly rejected as incompetent.

<div style="text-align:right">*Judgment on the verdict, for the plaintiff.*</div>

---

## Daniel Shattuck *versus* Moses Gragg.

**If** the owner of real estate assign dower therein to a widow, he will not be allowed to deny that the land was subject to the right of dower, although the assignment was made by parol.

**A** widow is dowable in land which, at the time when it was owned by her husband, during the coverture, was a wood and pasture lot, situated at the distance of a mile from his homestead and separated therefrom by land of other persons, but used by him as a pasture appurtenant to his homestead, although such land has, since that time, become wholly woodland.

**An** action of trespass cannot be maintained by the reversioner, for waste committed by a person acting under the authority of a tenant in dower.

Trespass *quare clausum fregit,* for cutting and carrying away certain trees alleged to be the property of the plaintiff. The writ was dated November 13th, 1837. The defendant justified as the servant of Rachel Gragg.

The trial was before *Dewey* J.

It appeared, that the plaintiff derived his title to the *locus in quo* from his father, Daniel Shattuck senior, to whom it was conveyed by Samuel Gragg, on the 15th of November, 1799 ; that Daniel Shattuck senior died eight or ten years ago ; that

at the time of the conveyance and long before, Rachel Gragg was the wife of Samuel ; and that Samuel Gragg died in 1833, leaving Rachel his widow.

The plaintiff proved, that the defendant, in November 1833, and in 1836, entered upon the *locus*, and cut and carried away certain trees.　He also introduced evidence tending to prove, that several of the .trees cut were valuable as timber trees ; and that they were cut on one day and carried off on another day.

The defendant proved, that on the 26th of January, 1835, a demand of dower was made upon the plaintiff by Rachel Gragg ; that a part of the *locus* was assigned to her by the plaintiff, on the 10th day of February, 1835, for her dower ; that the defendant entered upon that part of the *locus*, and cut and carried away the trees, by her directions and for her use as firewood.

It appeared, that the *locus* was a wood and pasture lot when Samuel Gragg owned it, and was used for a pasture ; that it was situated about one mile from the dwellinghouse and farm where Samuel Gragg lived, when he owned the land, and was separated from it by lands owned by other persons.

The plaintiff also introduced evidence tending to prove, that there were other trees on the lot more suitable for firewood than those cut by the defendant, and that the trees so cut were beyond the limits of the land assigned to Rachel Gragg for her dower.

The jury were instructed, for the purposes of this trial, that, upon the evidence, the plaintiff could not maintain this action, unless they should be satisfied, that the entry or cutting was without the limits of that portion of the lot which was assigned by the plaintiff to Rachel Gragg, for her dower.

The jury returned a verdict for the defendant ; which was to be set aside, if the Court should be of opinion, that the instructions were erroneous.

*Farley* and *B. Russell*, for the plaintiff, to the point, that the plaintiff was not estopped to deny the right of Rachel Gragg to dower in the premises, or the legality of the assignment, such assignment having been made by parol, and through mistake on the part of the plaintiff, cited *Wildridge* v. *Patter-*

Shattuck
v.
Gragg.

son, 15 Mass. R. 153 ; Conant v. Little, 1 Pick. 189 ; that the widow was not dowable at the time of the assignment, either in that portion of the locus, which was pasture land when it was owned by her husband, and had since grown up to be woodland, or in that part which was originally woodland and had remained such, the locus being unconnected with his dwellinghouse or cultivated land, Sargent v. Towne, 10 Mass. R. 307 ; Conner v. Shepherd, 15 Mass. R. 164 ; Webb v. Townsend, 1 Pick. 21 ; White v. Willis, 7 Pick. 143 ; and that if the dowress had committed waste in cutting the wood, the plaintiff might enter upon the premises and take the wood, and if so, that he might maintain trespass against any one who should carry it away, White v. Cutler, 17 Pick. 248 ; 1 Wms's Saund. 322, note ; Bac. Abr. Trespass, B ; Rehoboth v Hunt, 1 Pick. 224.

A. Cushing, for the defendant, to the point, that the plaintiff could not maintain this action, because he was not entitled to the possession of the locus, cited Blaker v. Anscombe, 4 Bos. & Pul. 25 ; Metcalf's Dig. Mass. Rep. 369, note ; Padelford v. Padelford, 7 Pick. 152 ; Tobey v. Webster, 3 Johns. R. 468 ; that a widow is dowable of woodland used by the husband in connexion with his farm, Revised Stat. c. 60, § 12 ; that all land which yields an income, is subject to the right of dower, Billings v. Taylor, 10 Pick. 462 ; Coates v. Cheever, 1 Cowen, 460 ; Stoughton v. Leigh, 1 Taunt. 402 ; and that the plaintiff was estopped to deny the validity of the assignment of the dower, Wallis v. Truesdell, 6 Pick. 455 ; Binney v. Chapman, 5 Pick. 124 ; Codman v. Jenkins, 14 Mass. R. 93.

Oct. 18th.

PUTNAM J. delivered the opinion of the Court. The question now arises, whether this action of trespass can be maintained. It is certainly a very familiar principle, that to maintain trespass, the party must have the actual possession of the locus in quo &c. It is said that some relaxation of the rule takes place when the trespass is done upon wild and uncultivated lands. For example, suppose that a man has purchased a tract of wild lands by a deed properly executed, acknowledged and recorded, of which the grantor was not disseised at the time of the grant, the grantee in such case, by operation of

law, becomes seised of the land ; and he may maintain an action of trespass without proving that he has actually had the occupation of the whole land. He is presumed to be seised until proof of disseisin. But we think this rule has not much, if any, application to the case at bar. There is sufficient evidence, that the place where this trespass was committed did, within ten years, belong to the plaintiff. It formerly belonged to Samuel Gragg deceased, who was the husband of Rachel Gragg, the real defendant ; and he conveyed it to Daniel Shattuck senior ; from whom it descended to the plaintiff ; and he was in possession claiming the fee within ten years last past. The entry and cutting and carrying away of the trees is admitted on the part of the defendant as the servant of Mrs. Gragg ; and she justifies as having a freehold estate as a tenant in dower, of the estate which, as was before said, did belong to her husband. He was seised, in his lifetime, of the lot of which the *locus in quo* &c. was parcel, which was a wood and pasture lot, and used by him as a pasture, and was situated about one mile from his dwellinghouse ; and this lot was separated from the dwellinghouse by lands owned by other persons.

There is no question of the seisin of the husband, nor of the marriage, nor of his death ; and there can be no doubt, that this was such an estate of which his widow would be dowable, at the time when he conveyed it to Daniel Shattuck senior, in November 1799. The plaintiff however contends, that the wood on this land must be presumed to have grown up since that time, and the land to have become woodland merely ; and so, that the widow of Samuel Gragg would not be dowable therein at any time within ten years, since which time it has come into the hands of the plaintiff. It is contended strongly for the plaintiff, that this lot must be considered as wild and uncultivated land, not part and parcel of the homestead, and that Rachel has no right to be endowed in it. On the part of the defendant, it is replied, that the plaintiff himself has assigned dower to Rachel in the land in question, by metes and bounds, upon her demand, in February 1835, which assignment has been accepted by her ; and she entered immediately after, and has ever since continued in the possession of the same. This action was brought two years afterwards against the defendant, who justifies under Rachel, as a tenant in dower, as her servant.

But the plaintiff says, that the assignment of dower was by parol, and that it was by mistake on his part, inasmuch as this land, at the time of the assignment, was not liable to the dower of Mrs. Gragg. We think the plaintiff is mistaken on both points. He is bound by the parol assignment. It is certainly good as between him and the dowress. He cannot by law be permitted to say, that the land was exempted or not liable to her dower. And on the other point : this land was occupied as a part of the homestead of her husband. What became of his dwellinghouse, whether he died seised of it or not, does not appear. But it does appear, that the land in question was wood and pasture land, occupied as such by the husband, as parcel of his homestead. This cannot be considered as wild and uncultivated land. She was, as we all think, clearly entitled to be endowed of it.

The plaintiff is the reversioner, and he is not by law entitled to the possession of the place in which the supposed trespass was done ; and he cannot, therefore, by the rule of the law, be permitted to maintain this action of trespass. The reversioner and remainder man are not without remedy, when injuries of a permanent nature are done to the inheritance. They may declare in case, stating the particular injuries sustained. And so if the tenant in dower commits waste, the proper remedy is an action of waste, which will be governed by rules and principles essentially different from those which are applicable to actions of trespass *quare clausum fregit.* The remedies provided by law are to be resorted to, and it is not for the court, upon reasons of a supposed general convenience, or occasional hardship, to dispense with them, and to substitute one for another, varying the rights of one or both of the parties.

The precise point now under consideration was decided in *Livingston* v. *Mott*, 2 Wendell, 605, cited in 4 Kent's Comm. (3d ed.) 354, note, that if a person does an injury to the premises under the authority of the tenant, the reversioner cannot maintain an action of trespass. The legislature of New York have modified the law touching this subject; but it has not been changed in this Commonwealth.

The jury have found, that the supposed trespass was confined to the place which the plaintiff assigned to Mrs. Gragg,

as dower, and was not committed in any other part of the lot described in the plaintiff's writ.

The result is, that the judgment is to be rendered upon the verdict for the defendant.